**(110 So. 743)**

**No. 27556.**

**THIGPEN et al. v. NOONAN.**

(Oct. 5, 1926. Rehearing Denied Nov. 29, 1926.)

*(Syllabus by Editorial Staff.)*

Public lands ☞26—Tract of land omitted from survey of fractional quarter section described in patent as bounded by lake held not included in patent.

Tract of 20.33 acres of high land bordering on lake and between traverse line of 64.56-acre tract conveyed by patent and water line *held* not included in patent, since discrepancy between traverse line and water line was so great, and proportion of high land omitted so vast.

Appeal from First Judicial District Court, Parish of Caddo; E. P. Mills, Judge.

Petitory action by J. A. Thigpen and others against Horace Noonan. From a judgment for defendant, plaintiffs appeal. Affirmed.

Thigpen, Herold, Lee & Cousin, of Shreveport, for appellants.

Clifton F. Davis, of Shreveport, for appellee.

O'NIELL, C. J. This case is a companion to Land v. Brockett (No. 27570) 110 So. 740,[1] decided to-day, anent the law of the case. It is a petitory action, to eject the defendant from a tract of land having an area of 20.33 acres, being the end of a peninsula that extends northward from the fractional N. W. ¼ of section 5, T. 17 N., R. 14 W., in Cross Lake. The land in contest is that part of the peninsula extending beyond the township line, into section 32, T. 18 N., R. 14 W. It is part of the upland areas that were omitted from the original survey, approved February 13, 1839, and that were surveyed recently, on the recommendation of the Commissioner of the General Land Office to the Secretary of the Interior, in October, 1922.

[1] Ante, p. 519.

We can explain better by referring to a tracing taken from the original survey, approved February 13, 1839, to which is added, in shaded figures, the high land that was omitted, viz.:

The plaintiffs claim title through mesne conveyances from Ballard Finch Epps, who held a patent dated September 1, 1849, "for the northwest fractional quarter of section five, in township seventeen, of range fourteen, in the district of lands subject to sale at Natchitoches, Louisiana, containing sixty-four acres and fifty-six hundredths of an acre, according to the official plat of the survey of said lands, returned to the General Land Office by the Surveyor General." The defendant, Noonan, holds a patent dated April 20, 1920, for a tract which he entered under the homestead laws, described as the S. W. ¼ of section 32, in T. 18 N., R. 14 W., containing 160.64 acres. The land was surveyed by John P. Parsons, United States deputy surveyor, in 1871, under instructions to survey and subdivide that part of township 18 north, range 14 west, that was shown on the previous surveys as Cross Lake.

The plaintiffs' contention is that the de-

THIGPEN v. NOONAN

scription in the Epps patent, of the fractional N. W. ¼ of section 5, by reference to the official survey, called for a boundary on Cross Lake, and therefore that the 20.33 acres in contest is within the calls of their title. The defendant pleaded, as an alternative defense, that, even if the peninsula extending beyond the traverse line of the fractional N. W. ¼ of section 5 was conveyed by the patent to Epps, it was not included in the tract described in the deed from one J. W. Atkins, from whom the plaintiffs claim title, and who derived title from Epps. There was judgment for the defendant, rejecting the plaintiffs' demand; from which they took this appeal. As the district judge did not furnish us a written opinion in the case, we do not know whether he applied the doctrine which we applied in Land v. Brockett (No. 27570) 110 So. 740,[1] or sustained the alternative defense. After the decree of the district court was rendered, the appellants reinforced their title by obtaining from the attorney in fact of J. W. Atkins, for a cash consideration of $2,000, a quitclaim, in the form of an acknowledgment that, in the original conveyance, it was his intention to convey and he did convey this peninsula as being a part of the fractional N. W. ¼ of section 5, T. 17 N., R. 14 W. The instrument is submitted by the appellants with a motion to have it considered, or, if necessary, to have the case remanded for the purpose of receiving the document in evidence. In view of the conclusion we have reached, on the main defense, it is not necessary to remand the case.

The peninsula is above the established mean high-water level of 1812. No reason is suggested for the omission of the area from the original survey, except, as in Land v. Brockett (No. 27570) 110 So. 740,[1] that the land had very little value when the original survey was made, and the difficulties and expense of meandering the lake shore were comparatively great.

According to the field notes and plat of the survey approved February 13, 1839, the surveyor observed the rule prescribed in section 2396, U. S. Rev. Stat. (U. S. Comp. St. § 4804), by running the lines of section 5 from the established corners due north or due east or west, as the course might be, to Cross Lake. But, instead of meandering the water line in front of the section, he traversed thus: Commencing at the north end of the east boundary line of section 5, he ran W. 5 ch.; S. 60° W. 5 ch.; S. 39° W. 5 ch.; S. 44° W. 7.90 ch. to the south boundary line; thence S. 45° W. 5 ch. into section 8; N. 44° W. 5 ch., back to the south boundary of section 5; thence N. 25° W. 5 ch.; N. 30° E. 5 ch.; N. 17° E. 7 ch.; N. 15° E. 15 ch.; N. 20° E. 10 ch.; N. 40° W. 10 ch.; N. 70° W. 13 ch.; W. 15 ch.; N. 45° W. 10 ch.; W. 13 ch.; S. 45° E. 6 ch.; W. 5 ch.; and N. 84° W. 10 ch., to the west boundary line of the section. The distances are shown on the above tracing, but, for want of space, the courses are omitted. The traverse line thus run by the surveyor gave to the fractional section 5 an area of only 328.20 acres; lot 1, being the fractional N. W. ¼, having 64.56 acres, lot 2 having 56 acres, lot 3 having 33 acres, lot 4 having 4.64 acres, and the S. W. ¼ having 160 acres. The total area ascribed to the fractional section appears to be scarcely half of the area of high land that it would have had if the surveyor had made a correct, or an approximately correct, traverse.

For the reasons given in Land v. Brockett (No. 27570) 110 So. 740,[1] and according to the doctrine stated in the decisions there cited, our judgment is that the discrepancy between the traverse line of the fractional section 5 on the plat approved February 13, 1839, and the water line as it existed, is so great, and the

[1] Ante, p. 519.

proportion of area of high land omitted so vast, that the patent that was issued to Ballard Finch Epps, dated September 1, 1849, for the fractional N. W. ¼ of section 5, T. 17 N., R. 14 W., containing 64.56 acres, according to the official plat of survey of said land, did not convey title for the tract containing 20.33 acres afterwards conveyed by patent to the defendant, above the township line.

The judgment is affirmed.

LAND, J., takes no part.

━━━━━

(110 So. 744)